UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   JS-6

| Case No. | CV 10-2877 CAS (FFMx) | Date | May 21, 2010 |
|---|---|---|---|
| Title | VICAL LLC v. SHAKIB GHOBADPOUR | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | NOT PRESENT | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| NOT PRESENT | NOT PRESENT |

**Proceedings:** (In Chambers:) ORDER REMANDING CASE FOR LACK OF SUBJECT MATTER JURISDICTION

On March 10, 2010, Plaintiff Vical LLC filed the instant action in Los Angeles Superior Court against defendant, Shakib Ghobadpour, alleging a dispute of less than $10,000 to recover unpaid rent money in an unlawful detainer action pursuant to Cal. Civ. P. § 1161a. On April 19, 2010, defendants removed the instant action to this Court on the basis of subject matter jurisdiction.

The question of whether a claim arises under federal law, for purposes of 28 U.S.C. § 1331, must be determined by reference to the complaint. Franchise Tax Bd. v. Constr. Laborers Trust, 463 U.S. 1, 9-10 (1983). Invoking a federal issue or provision is not "a password opening federal courts to any state action embracing a point of federal law." Grable & Sons Metal Prods., Inc. V. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005). Instead, a claim "arises under" the laws of the United States, for purposes of construing 28 U.S.C. § 1331, only if "a well-pleaded complaint establishes either that (1) federal law creates the cause of action or that (2) the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd., 463 U.S. at 27-28. As to the second prong, the issue turns on whether the complaint includes "allegations of federal law that are essential to the establishment of the claim." Lippit v. Raymond James Fin. Servs., Inc., 340 F.3d 1033, 1041 (9th Cir. 2003).

In the instant case, plaintiff brought an unlawful detainer action pursuant to Cal. Civ. P. § 1161a and defendant does not sufficiently claim that there exists a federal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   JS-6

| Case No. | CV 10-2877 CAS (FFMx) | Date | May 21, 2010 |
|---|---|---|---|
| Title | VICAL LLC v. SHAKIB GHOBADPOUR | | |

question pursuant to 28 U.S.C. § 1331 that would justify removal.[1]  Accordingly, the Court finds that it lacks jurisdiction over this case.[2]  The Court hereby orders the case remanded for lack of subject matter jurisdiction.

   IT IS SO ORDERED.

|   | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |

---

[1] Defendant argues that removal is appropriate because the Protecting Tenants at Foreclosure Act of 2009, enacted by Congress in May 2009, "entitles tenants to 90 days (Footnote 1 continued)
notice to quit" before being served with a complaint for unlawful detainer.  Notice of Removal at 2.  Because the complaint does not establish either that "(1) federal law creates the cause of action or that (2) the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law," the Court finds that defendant has not shown that plaintiff's claim "arises under" federal law.  See Franchise Tax Bd., 463 U.S. at 27-28.

[2] Even if defendant is seeking to remove based on diversity of citizenship, this case must be remanded because defendant fails to demonstrate that the amount in controversy exceeds $75,000.  See Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).